UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Byron Alexander Perez,                                    Civ. No. 24-3251 (PAM/ECW)

          Petitioner,

v.                                                        **MEMORANDUM AND ORDER**

Peter Berg, Director, St. Paul Field Office,
Immigration and Customs Enforcement;
Caleb Vitello, Acting Director,
Immigration and Customs Enforcement;
Pam Bondi, U.S. Attorney General; Kristi
Noem, Secretary Department of Homeland
Security; and Eric Tollefson, Sheriff,
Kandiyohi County;[1]

          Respondents.

---

This matter is before the Court on the Report and Recommendation ("R&R") of United States Magistrate Judge Elizabeth Cowan Wright dated January 6, 2025. (Docket No. 11.) The R&R recommends dismissal of this matter without prejudice.

Petitioner objects to the R&R. (Pet.'s Objs. (Docket No. 1).) Respondents filed a timely response to Petitioner's objections. According to statute, the Court must conduct a de novo review of any portion of the R&R to which specific objections are made. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); D. Minn. L.R. 72.2(b). After conducting the required review and for the following reasons, the Court adopts the R&R.

---

[1] As the newly appointed Acting Director of Immigration and Customs Enforcement, U.S. Attorney General, and Secretary of the Department of Homeland Security, Caleb Vitello, Pam Bondi, and Kristi Noem are substituted for Patrick Lechleitner, Merrick Garland, and Alejandro Mayorkas, respectively. See Fed. R. Civ. P. 25(d).

## BACKGROUND

The full background is set forth in the R&R and the Court need not restate it. Relevant here, Petitioner is a citizen of Guatemala and has been held in mandatory custody pursuant to 8 U.S.C. § 1226(c) since December 2023. (Id. at 1, 3.) He filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 in August 2024, challenging the constitutionality of his continued detention and seeking immediate release from custody. (Docket No. 1.)

## DISCUSSION

Petitioner contends that his detention pursuant to 8 U.S.C. § 1231 violates the Fifth Amendment's due process clause. The R&R determined that Petitioner failed to meet his burden to demonstrate that his detention is unlawful because no significant likelihood of removal in the reasonably foreseeable future exists. (R&R at 7.)

In his objections, Petitioner does not contend that the Magistrate Judge erred, but rather asserts that an intervening decision by the Board of Immigration Appeals ("BIA") altered the circumstances of his case. Petitioner contends that the BIA's recent decision to remand his underlying case to the immigration judge will extend his detention by at least eight months, based on the estimated time required for various hearings to take place. (Docket No. 12 at 3–4.) However, the BIA indicated that "[t]he Court does not believe any additional hearings are necessary." (Decl. of David Fuller (Docket No. 14-1) Ex. A.) As the R&R explains, the passage of time alone is not sufficient to demonstrate that no significant likelihood of removal in the reasonably foreseeable future exists. (R&R at 10.) Petitioner provides no other evidence to support his argument.

2

Petitioner additionally contends that because the Government previously argued that the BIA could reach a different decision on his then-pending appeal, a significant likelihood of removal in the reasonably foreseeable future must now exist. This argument is a nonstarter because the BIA's decision does not affect whether Petitioner has met his initial burden in this matter, which he has failed to do. Regardless, the R&R did not discuss the BIA's then-forthcoming decision. Petitioner's challenges to the R&R fail.

The Magistrate Judge noted that Petitioner may file a new petition for a writ of habeas corpus if the Government does not make progress to remove Petitioner or if future circumstances are such that Petitioner's removal is no longer possible in the foreseeable future. (Id.) The Court agrees.

After conducting the required reviews, the Court **ADOPTS** the R&R.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED that**:

1. The R&R (Docket No. 11) is **ADOPTED**;
2. Petitioner's Petition for a Writ of Habeas Corpus (Docket No. 1) is **DENIED**; and
3. This matter is **DISMISSED without prejudice**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: February 20, 2025

s/ Paul A. Magnuson
Paul A. Magnuson
United States District Court Judge